Mauro GADALETA, Plaintiff-Appellant,

v.

NEDERLANDSCH–AMEREKAANSCHE STOOMVART, etc., a/k/a Holland America Line, Defendant-Respondent and Third-Party Plaintiff-Appellant,

v.

International Terminal Operating Co., Inc., Third-Party Defendant-Respondent.

No. 391, Docket 26874.

United States Court of Appeals
Second Circuit.

Argued May 10, 1961.

Decided June 6, 1961.

Bernard Chazen, Hoboken, N. J. (Baker, Garber & Chazen, and Nathan Baker, Hoboken, N. J., on the brief), for plaintiff-appellant.

Edmund F. Lamb, New York City (William E. Fay III, Lawless & Lynch, Purdy, Lamb & Catoggio, New York City, on the brief), for defendant-re-

spondent and third party plaintiff-appellant.

Nicholas Milano, New York City, for third party defendant-respondent.

Before FRIENDLY and SMITH, Circuit Judges, and WATKINS, District Judge.[*]

SMITH, Circuit Judge.

Plaintiff, a longshoreman, was injured August 31, 1956 while handling barrels of pickled skins which had been unloaded from defendant's vessel and stacked on defendant's pier on August 23 and 24, 1956. Plaintiff's claim was that he had slipped on brine, which had leaked from broken barrels, while loading one of the heavy barrels on the plate of a hi-lo, and that he suffered a herniated intervertebral disc. Defendant introduced reports tending to show that plaintiff had sprained his back while lifting a barrel, not because of having slipped, and some testimony that there was no brine on the pier.

The jury found for the defendant. The court dismissed the non-jury third party action over against the stevedore, plaintiff's employer. Plaintiff appeals from judgment entered on the verdict, defendant, third party plaintiff, from the dismissal of the third party action.

Plaintiff bases his appeal on two grounds, exclusion from evidence of defendant's answers to interrogatories propounded by the third party defendant, and refusal of the court to charge on a claim of negligence of defendant in unloading its vessel.

Answers to interrogatories clearly may be utilized as admissions. 4 Moore Fed.Prac. 2d Ed. p. 1190. F.R. Civ.P. Rule 33, Rule 26(d) (2), 28 U.S. C.A.; Lumbermen's Mutual Ins. Co. of Mansfield, Ohio v. Cantex Mfg. Co., 5 Cir., 1958, 262 F.2d 63. The answers here, however, through the reference to the third party complaint in the interrogatories, were conditional on the prior establishment of the existence of the wet condition of the pier, which was not admitted by defendant. They would have been misleading to the jury under the circumstances. The court was therefore correct in excluding them.

Charge No. 3 rejected by the court was as follows:

"3. The defendant owed the duty to the plaintiff longshoreman to exercise reasonable care in discharging the cargo from the vessel to the pier and in stacking the cargo on the pier and in inspecting the cargo upon its discharge to the pier." [1]

[*] U. S. District Judge for the Northern and Southern Districts of West Virginia, sitting by designation.

[1]. The charge given included the following: "The defendant owed the duty to plaintiff, as invitee upon the pier, to exercise reasonable care to provide him with a place to work which is safe.

"The defendant's duty was not limited to warning plaintiff of dangers known to defendant, but included the affirmative duty to exercise reasonable care to make provision for the plaintiff's safety even if the dangers were apparent.

"If you find that the defendant, in the exercise of reasonable care, knew or should have known that the cargo was defective or leaking so as to become unsafe to longshoremen handling the cargo on the pier, then you may find that it was the duty of the defendant to take measures to protect the longshoremen from the dangers. If it failed in that duty, you may find that defendant was negligent.

"If you find that the pier was in fact unreasonably slippery as plaintiff claims and if you find that the condition existed for a period of time sufficient for the defendant to have learned of and corrected it, you may find that the defendant had constructive knowledge that the pier was dangerously slippery due to the wetness on the pier. If you so find and if you find that defendant failed to use reasonable care to remedy the condition, you may then find that defendant was negligent.

"If you find that Holland-America Line was not thus actually or constructively notified of the condition complained of, you must find for the defendant, Holland-America Line."

214

If negligence in discharging or stacking or in failing to inspect created a condition which caused injury, the pier owner might well be liable under New Jersey law.[2] The difficulty with plaintiff's position here, however, is that the record reveals no evidence as to the manner of discharge, stacking or inspection from which a finding of negligence could have been made. There was therefore no error in refusing the charge. We need not determine whether the charge as given would have been sufficient had such evidence been presented.

Since judgment for defendant on the principal action must be affirmed, the appeal from the dismissal of the third party action becomes academic.

Judgment affirmed.

2. Stark v. Great Atlantic & Pacific Tea Co., 1926, 102 N.J.L. 694, 133 A. 172 (failure to inspect).