**Floyd W. FREED, III, Plaintiff-Appellant,**

v.

**The ERIE LACKAWANNA RAILWAY COMPANY, Defendant-Appellee.**

**No. 20872.**

United States Court of Appeals, Sixth Circuit.

July 16, 1971.

---

Peck, Circuit Judge, filed concurring opinion.

C. Richard Grieser, Columbus, Ohio, for plaintiff-appellant; Tyler, Richards, Grieser & Schafer, Columbus, Ohio, on brief.

Robert C. McFadden, Cleveland, Ohio, for defendant-appellee; Arter & Hadden, Cleveland, Ohio, on brief.

Before PECK, BROOKS and KENT, Circuit Judges.

BROOKS, Circuit Judge.

Plaintiff-appellant, Floyd W. Freed, III, brought this action under the Federal Employers' Liability Act against defendant-appellee, Erie Lackawanna Railway Company, for personal injuries sustained when he was struck by a train. This appeal follows a jury verdict for the defendant.

At the time plaintiff was injured, he was the head brakeman on a freight train running from Cleveland to Youngstown, Ohio. The accident occurred in the North Randall switching area where there were numerous sets of tracks and switching operations were frequent. The plaintiff and the fireman, a fellow crewman, had just dropped off their train and had started walking down a right-of-way adjacent to a side track on their way to lunch when plaintiff was struck by a caboose, which was the lead car of a switching train that was slowly backing in performance of its switching assignment. Seconds before getting in the path of the train, plaintiff's attention was diverted when the fireman turned and called to the engineer of the freight train to throw him his cigarettes which he had forgotten and left in the cab of the locomotive.

The principal issue raised by plaintiff on appeal is whether an answer made by the defendant to an interrogatory is binding on it although contradicted by other evidence adduced by the defendant. In response to one of plaintiff's interrogatories, defendant stated that the location of the switch train at the time of the accident was not within the yard limits. A train that is not within yard limits was subject to road rule Number 103 which requires cars being pushed by engines in an area outside the yard limits to have a lookout posted on the lead car. There was no such lookout on the car of the switch train that injured the plaintiff. At trial the defendant produced testimony that the switch train was actually operating within the yard limits and, therefore, no lookout on the lead car was required, thus contradicting the answer given in the interrogatory as to the location of the train at the time of the accident.

While the jury was deliberating, the jury foreman submitted a question to the court asking if the switch train was within the yard limits at the time of the accident. The court declined to answer the question on the grounds that it involved a question of fact which it was the duty of the jury to resolve. Plaintiff argues that the answer to the interrogatory, when introduced in evidence, was an admission against interest and binding on the defendant, and therefore the court should have answered the jury's question in accordance with the answer given in the interrogatory. In

support of this argument, reliance is placed on Gridiron Steel Company v. Jones & Laughlin Steel Corporation, 361 F.2d 791 (6th Cir. 1966). Such reliance is misplaced. While the cited case is authority for the rule that answers to interrogatories when introduced in evidence may be utilized as admissions, it does not hold that such admissions are binding. And see, Victory Carriers, Inc. v. Stockton Stevedoring Company, 388 F.2d 955 (9th Cir. 1968); Heilig v. Studebaker Corporation, 347 F.2d 686 (10th Cir. 1965); Gadaleta v. Nederlandsch-Amerekaansche Stoomvart, 291 F.2d 212, 213 (2nd Cir. 1961). As stated in Victory Carriers, Inc. v. Stockton Stevedoring Company, *supra*:

> "An answer to an interrogatory is comparable to answers, which may be mistaken, given in deposition testimony or during the course of the trial itself. Answers to interrogatories must often be supplied before investigation is completed and can rest only upon knowledge which is available at the time. When there is conflict between answers supplied in response to interrogatories and answers obtained through other questioning, either in deposition or trial, the finder of fact must weigh all of the answers and resolve the conflict."

The court properly declined to answer the question dealing with the location of the switch train at the time of the accident.

Plaintiff also contends that there was no substantial evidence to support the verdict and claims he was denied a fair and impartial trial because the jury did not represent a fair cross-section of the community. The District Court, in overruling plaintiff's motion for a new trial, found these issues to be without merit and we agree.

Affirmed.

PECK, Circuit Judge (concurring).

While I concur in the result reached in the majority opinion, it seems to me that it goes further than we are re-quired to go under the circumstances of this case.

It is apparent from the record that the "yard limits" are not capable of precise delineation. In such a situation both logic and the authorities support the conclusion of the majority opinion that defendant's response during the early discovery procedure period to an interrogatory to the effect that the train was not within the yard limits at the time of the occurrence should not be binding on it. Thus I agree that the defendant was entitled to offer evidence on this point even though it be inconsistent with the answer to the interrogatory, and that the requested instruction describing that answer as an admission against interest was properly denied. However, the majority opinion goes on to quote with apparent approval from Victory Carriers, Inc. v. Stockton Stevedoring Company, 388 F.2d 955 (9th Cir. 1968) as follows: "An answer to an interrogatory is comparable to answers, which may be mistaken, given in deposition testimony or during the course of the trial itself." That statement, which is pure dicta, seems to say that even the direct testimony of a party from the witness stand is not binding on him. It is interesting to note that *Victory Carriers* is cited by Professor Moore (4 W. Moore ¶ 33.29[2] (2d ed.)) simply for the proposition that answers to interrogatories are not *always* binding, a proposition which provides sufficient basis for the result we reach in the present case. It is further noted that neither Gadaleta v. Nederlandsch-Amerekaansche Stoomvart, 291 F.2d 212 (2d Cir. 1961) nor Heilig v. Studebaker Corporation, 347 F.2d 686 (10th Cir. 1965), also cited in the majority opinion, stands for any broader rule of law.

I would affirm the conclusion of the District Court on the ground that defendant's response during the discovery procedure period to an interrogatory not capable of a precise answer was not binding on it, leaving open the question of whether an answer to an interrogatory might not in other circumstances be binding on a party.